Sarantos Anastos
vs.                    No. 10856.
Charles Brown

Sarantos Anastos
vs.                    No. 10972.
Charles Brown

December 11, 1931.

SUMNER, J. Sarantos Anastos has brought two petitions seeking to enforce mechanic's liens against Charles Brown. In petition No. 10856 he seeks to enforce a mechanic's lien to the amount of $3,037.16. In petition No. 10972 he seeks to enforce a mechanic's lien in the sum of $625.47.

Anastos in January, 1930, made a proposal to the respondent Brown for the installing of a plumbing and heating system in the Brown house. The proposal was sent to Mr. Balchin of the Balchin Construction Company with a request that he get Mr. Brown to accept it. Balchin, however, accepted the proposal on behalf of the Balchin Construction Company, making a change in the percentage that was to be paid from time to time to the contractor, and then returned the proposal to Anastos. Anastos did not acknowledge the receipt of the proposal or assent to it in any way except by proceeding to go ahead with the work.

During the trial there was much discussion as to whether the contract was written or oral, but in their briefs both attorneys say it was oral, and the Court will assume that it was.

Anastos made requisitions on Balchin from time to time for materials and labor put into the house and received payment on account. Sometime in the fall, Anastos stopped work, claiming that he had not been paid his 80 per cent. according to the contract. In December the respondent Brown took the matter up, interviewed Anastos, went over the bills and learned what it would cost to complete the job, and finally said that if Anastos would agree to complete the work and release his lien to date, he would, through the contractor Balchin, pay him the sum of $1,500. This sum was paid Anastos, who then proceeded to finish the work. When he failed to receive the balance due him on the completion of the work, he brought these petitions.

The respondent says that petitioner cannot enforce his claim because he did not commence legal process within six months from the time of commencing the work. He also claims that the petitioner comes into Court with unclean hands because he sent in untruthful requisitions and misrepresented to respondent Brown the amount of the work he had done up to November 15. Respondent cited the case of *Heck* vs. *Casey*, 34 R. I. 389, upon his claim that Anastos could not recover after the six months' period had elapsed. In that case petitioner, after doing part of the work, stopped for some time and concluded the work after the expiration of the six months' period. Apparently the sub-contractor was to be paid a lump sum at the conclusion of the work, and the Court held that the contract was an entire one and that the petitioner could not recover because the commencement of legal proceedings was more than seven months after the commencement of the work on the house. The circumstances are entirely different in this case. Under this instant contract the petitioner was to receive 80 per cent. of the value of his work in monthly payments. At the time when the six

months' period from the beginning of the work had expired, viz.: July 13, 1930, petitioner had been paid all that was due him. On December 15 the contract had been broken by failure to pay Anastos and respondent himself comes into the matter and makes a definite agreement with the petitioner, under which the petitioner proceeded to finish the work. This claim of lien is for work performed and materials furnished during the period that followed December 15, 1930.

It would seem unfair to the petitioner to say that after he had completed the work under the above agreement, he cannot institute this proceeding.

It seems inequitable to both parties that a petitioner, in order to protect himself, should be compelled to bring suit at a time when nothing is due him (as would have been the case if petitioner had brought suit in July), and that petitioner should be put to unnecessary expense and respondent's credit attacked.

The statute provides that petitioner shall commence legal process within six months from the time of the commencing the doing of the work, or of the commencing the delivery of the materials, if payment for the same shall not then be made.

The Court feels that the last clause avoids the necessity of instituting proceedings within six months if petitioner has been paid.

The petitioner is entitled to enforce his lien, but the amount is somewhat difficult to ascertain.

Anastos' bookkeeping was crude and it was impossible to tell at any one time how the account stood and what money was due him. His requisitions were merely estimates. The burden of proof is upon him and as we cannot tell from his books, we must ascertain from other sources.

Balchin says he checked up on the requisitions he received, that they were approximately correct, and that when a settlement was made in December and Anastos received $1,500, there was still $500 due Anastos. Anastos admits he tried to get $2,000 at that time but could only get $1,500, and there is a memorandum on Anastos' requisition dated January 1, 1931, for the month of December, to the effect that $500 was previously due. So it seems to the Court that $500 should be deducted from the amount now claimed by Anastos in suit No. 10856, and that would make the amount due him $2,537. In view of the condition of petitioner's books and his irregular requisitions, the Court does not think he is entitled to any interest on this claim.

Respondent says that petitioner does not come into Court with clean hands and so should be barred from pressing his suit. It does not appear, however, that either the contractor or the respondent Brown were deceived by petitioner's requisitions or claims. Nor does Mr. Brown say that he suffered any damages by reason of them.

Suit No. 10972 is to enforce petitioner's lien on an electric dish-washer. The Court feels that the amount claimed to be due on the dish-washer ($625.47), on the Bryant boiler ($1,067.76) and the extras were all included in the requisitions made by petitioner prior to December 15.

Accordingly, the petition in No. 10972 is denied and petition in No. 10856 is allowed in the sum of $2,537.

For petitioner: Walling & Walling.

For respondent: Philip C. Joslin; Hinckley, Allen, Tillinghast, Phillips & Wheeler.